# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JO ANN STREET, Executrix for the Estate of IDA B. STREET )<br><br>Plaintiff, )<br><br>v. )<br><br>CHASE HOME FINANCE, LLC, CHASE MANHATTAN MORTGAGE CORPORATION, J.P. MORGAN CHASE, N.A. and JAMES DIMON, )<br><br>Defendants. ) | No. 2:17-cv-02614-SHL-dkv |

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION TO DISMISS

Before the Court is Magistrate Judge Diane K. Vescovo's Amended Report and Recommendation, filed January 24, 2018, (ECF No. 41), concerning Defendants' Motion to Dismiss and the related Memorandum in Support, filed December 21, 2017 (ECF Nos. 37, 38). Plaintiff filed her Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983; Quiet Title, False Claims Act, Violations of RESPA on August 23, 2017. (ECF No. 1.) Defendants moved to dismiss the case for failure to state a claim under Rules 12(b)(1) and 12(b)(6), arguing in the alternative that the claims are barred by res judicata.[1] (ECF No. 38.) Judge Vescovo agreed with Defendants on all three arguments, and issued her Report and Recommendation accordingly. (ECF No. 41.) Plaintiff filed her Objection on February 14, 2018. (ECF No. 42.) Defendants responded to her Objection on February 28, 2018, arguing that Plaintiff forfeited her

---

[1] The initial Motion to Dismiss, filed October 4, 2017, (ECF No. 17) resulted in a Report and Recommendation to grant the Motion, which the Court adopted on December 5, 2017 (ECF No. 31). However, because only J.P. Morgan's attorney had filed a notice of appearance at that time, only J.P. Morgan's status as a defendant was determined by that Order. (Id.) Consequently, Defendants filed the current Motion.

right to de novo review because her Objection did not contain sufficiently specific information to be granted de novo review.[2] (ECF No. 43.) In the alternative, they argue, in line with Judge Vescovo's findings, that the claims are barred by res judicata. (Id. at 7.) For the reasons more fully outlined below, Judge Vescovo's Report and Recommendation is **ADOPTED**, Plaintiff's objections are **OVERRULED** and Defendants' Motion to Dismiss is **GRANTED**.

## FACTS

The following facts are taken from Judge Vescovo's Report, which relies on information from the Shelby County Register and attachments to Defendants' Motion to Dismiss. In 1991, in exchange for a loan, Ms. Street's mother, Ida B. Street, executed a Promissory Note and a Deed of Trust, conveying to National Bank of Commerce ("NBC") a security interest in the property at issue here, 2327 Shasta Avenue, Memphis, Tennessee. (ECF No. 41 at 3–4). NBC then released the Note and Deed to Troy & Nichols, Inc., which was subsequently acquired by Chase Manhattan ("Chase"). (Id. at 4.)

In 2003, NBC erroneously released the Deed, acknowledging full payment and satisfaction thereof, and Chase subsequently filed an action in the Chancery Court for Shelby County to reinstate the Deed. (Id. at 4–5.) In 2007, the Chancery Court revived the Deed and declared it enforceable. (Id. at 5.) Shortly thereafter, a foreclosure sale was conducted, and Chase Home Finance ("Chase Home") filed an unlawful detainer suit against Ms. Ida B. Street. (Id. at 5–6.) After her death, Chase Home filed a second detainer action against Ms. Jo Ann Street. (Id. at 6.) As all of this occurred, Ms. Street appealed the Chancery Court decision to the Tennessee Court of Appeals, which, in 2010, affirmed the Chancery Court's ruling. (Id.)

---

[2] Defendants also argue that Plaintiff forfeited de novo review because her Objection to the Report and Recommendation was not timely filed. (ECF No. 43 at 3–4.) While the Court will not use the late filing as grounds to deny Ms. Street de novo review in this instance, she is cautioned to meet filing deadlines in the future or risk consequences that may include dismissal.

Chase Home was successful in the General Sessions Court in its unlawful detainer action, which the Circuit Court affirmed. (Id.) The Court issued a writ of possession to Chase Home, and, on November 22, 2016, Ms. Street was removed from her home. (Id.) In May of 2017, the Tennessee Court of Appeals affirmed the Circuit Court Ruling. (Id.) Ms. Street then brought her claims to this Court. (ECF No. 1.)

## **ANALYSIS**

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to perfect service or failure to state a claim upon which relief may be granted. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects. Fed. R. Civ. P. 72(b)(3).

The Court understands that Ms. Street is a pro se Plaintiff. With that in mind, while Plaintiff's filing is not entirely clear, the Court understands Ms. Street to raise the following objections to Judge Vescovo's Report and Recommendation: (1) failure to include information about Defendants' involvement in other cases (ECF No. 42 at 3–4); (2) misapplication of the Rooker-Feldman doctrine (Id. at 6); and (3) an erroneous conclusion that NBC was not the holder of the Note in question (Id. at 5). However, Plaintiff offers no evidence to support her first or third objections.[3] Even reading the objections with a generous eye in light of Ms. Street's pro se status, the Court is unable to evaluate the merit of the objections because Ms. Street does

---

[3] There is no indication as to what the other cases in which Defendants have been involved have to do with the instant case. Further, even if the Court were to read Plaintiff's third objection as sufficiently detailed, it would be barred by the Rooker-Feldman doctrine, as discussed below.

not make sufficiently specific references to information, inside the Report and Recommendation or otherwise, related to her objections.

As to her second objection, the Court cannot agree that the Rooker-Feldman doctrine does not apply. Rooker-Feldman deprives the lower federal courts of jurisdiction in certain cases in order to prevent "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994). It applies when (1) the issue before the federal court is inextricably intertwined with the state court proceeding and (2) the claim before the federal court is a specific grievance about how the law was applied to the individual rather than a challenge to the constitutionality of the law itself. See Tropf v. Fid. Nat'l Title Ins. Co., 289 F.3d 929, 937 (6th Cir. 2002).

As to the first element, the issues in this case are inextricably intertwined with the determinations of the various state courts as, from what Judge Vescovo and this Court can surmise, Ms. Street seeks to have the federal judiciary reevaluate and overturn the state courts' rulings related to the property at issue. As to the second, while Ms. Street points to Defendants' various legal troubles across the country, the issues she brings before this Court all relate to how the law was applied to her specifically. Given these facts, the Court can only conclude that there is no jurisdiction to hear Ms. Street's claim.

## CONCLUSION

The Court acknowledges the difficulties of Plaintiff resulting from the loss of the home in which she lived. However, Plaintiff fails to raise sufficient objections to the Report and Recommendation, which is therefore **ADOPTED**. For the same reasons, Defendants' Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED,** this 17th day of September, 2018.

                                             s/ Sheryl H. Lipman
                                             SHERYL H. LIPMAN
                                             UNITED STATES DISTRICT JUDGE